# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **MAYBLE WINDFIELD,** | § |
| | § |
| Plaintiff, | §   Civil Action No. |
| | § |
| v. | § |
| **SOUTHEWEST CREDIT SYSTEMS, LP,** | §   **Jury Trial Demanded** |
| | § |
| Defendant. | § |
| | § |

## COMPLAINT

MAYBLE WINDFIELD ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SOUTHWEST CREDIT SYSTEMS, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Dallas, Texas 75248.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" is that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a corporation with its corporate headquarters located at 4120 International Pkwy, Ste. 1100, Carrolton, Texas 55007.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §

153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone.

15. Plaintiff has only used this phone as a cellular telephone.

16. Upon information and belief, Defendant has been calling Plaintiff regarding a personal debt that was incurred for personal, family or household purposes.

17. Plaintiff does not have any business debts, so the debt that Defendant has been calling her about could only have been a personal debt.

18. Beginning in or around December 2016 and continuing through May 2017, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number seeking to collect an alleged debt.

19. Defendant placed calls from telephone numbers including, but not limited to (214) 736-4376. The undersigned has confirmed that this phone number belongs to the Defendant.

20. During this time, Defendant placed calls to Plaintiff using an automated dialing system and/or prerecorded voice.

21. Plaintiff knew Defendant was using an automated dialing system and/or prerecorded voice because calls would begin with a recording.

22. Defendant's calls were not placed for emergency purposes.

23. Defendant's calls often came at inconvenient times, such as when she was driving a school bus or driving her car.

24. Frustrated by these continuous calls, Plaintiff told Defendant to stop calling in April 2017.

25. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls nor was there any good faith reason to place calls.

26. Further, any additional calls placed to Plaintiff could only have been for the purpose of harassment.

27. However, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call Plaintiff through May 2017.

28. After Plaintiff's repeated requests to stop these calls were ignored by Defendant, Plaintiff had no option but to download a blocking application to her cellular telephone in order to stop the calls.

# COUNT I
## **DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

31. Defendant violated §§1692d and 1692d(5) when it called Plaintiff repeatedly regarding on her cellular telephone between February 2017 and May 2017 and when it continued to call despite Plaintiff after it knew its calls were unwanted.

# COUNT II
## **DEFENDANT VIOLATED THE TCPA**

32. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

33. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

34. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

35. Despite Plaintiff having revoked any prior consent Defendant may have been provided in April 2017, Defendant continued repeatedly placing non-emergency calls to Plaintiff's cellular telephone.

36. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

37. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MAYBLE WINDFIELD, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MAYBLE WINDFIELD, demands a jury trial in this case.

DATED: February 15, 2018　　　　KIMMEL & SILVERMAN, P.C.

　　　　　　　　　　　　　　　　By: <u>Amy L. Bennecoff Ginsburg</u>
　　　　　　　　　　　　　　　　Amy L. B. Ginsburg, Esq.
　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　　　　　30 E. Butler Pike
　　　　　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　　　　　　　　Phone: (215) 540-8888
　　　　　　　　　　　　　　　　Fax: (877) 788-2864
　　　　　　　　　　　　　　　　Email: aginsburg@creditlaw.com